IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Muhammad Ali Enterprises LLC,<br><br>                   Plaintiff,<br>v.<br><br>Fox Broadcasting Company,<br><br>                   Defendant. | Case No.  1:17-cv-7273 |

## COMPLAINT

Plaintiff Muhammad Ali Enterprises LLC, by its attorneys, for its complaint against Fox Broadcasting Company, states as follows:

## THE PARTIES

1. Plaintiff Muhammad Ali Enterprises LLC ("MAE") owns the trademark rights, copyrights, right of publicity, and all other intellectual property rights of boxing legend Muhammad Ali.

2. Defendant Fox Broadcasting Company ("Fox") is a major commercial television network that broadcasts its programs throughout the United States.

## NATURE OF THE CASE

3. This case arises out of Fox's unauthorized use of Muhammad Ali's identity in a promotional video that Fox broadcast immediately before the start of Fox's broadcast of the 2017 Super Bowl. MAE brings these claims for false endorsement and violation of the right of publicity against Fox for the damages caused and profits unjustly gained by Fox for its unauthorized use of Muhammad Ali's identity.

**JURISDICTION**

4. Count I of this action arises under the Lanham Act of 1946, as amended, 15 U.S.C. §§ 1051 et seq. This Court has jurisdiction over this claim under 15 U.S.C. §§ 1121 and 28 U.S.C. §§ 1331 and 1338.

5. Count II of this action arises under state statutory law. This Court has jurisdiction over this claim under 28 U.S.C. § 1338(b) in that this claim is joined with a substantial and related claim brought under the trademark laws of the United States (15 U.S.C. §§ 1051 et seq.). This Court also has supplemental jurisdiction over the state law claim under 28 U.S.C. § 1367 because the federal and state claims are based on the same operative facts, and because judicial economy, convenience, and fairness to the parties will result if the Court assumes and exercises jurisdiction over the state law claim.

6. This Court has personal jurisdiction over Fox because it regularly conducts business in this District and caused the promotional video at issue to be disseminated throughout the District.

**FACTUAL BACKGROUND**

Muhammad Ali: "The Greatest"

7. Muhammad Ali, who died in 2016 at the age of 74, was given the name Cassius Marcellus Clay by his parents, took the name Muhammad Ali when he converted to Islam, and earned the names "The Greatest," "The People's Champion," "The Louisville Lip," and "The King of Boxing" during his lifetime.

8. Ali learned to box as a 12-year-old boy, after his new red and white bicycle, which his father had given him, was stolen. Young Cassius Clay vowed he was "gonna whup whoever stole my bike!" A Louisville policeman, Joe Martin, counseled the boy not to make idle threats and took Cassius under his wing. Martin trained Cassius to box for six months, after

which he won his debut boxing match in a three-round decision.

9. After winning a gold medal in the 1960 Summer Olympics in Rome, Cassius Clay, as he was still known, turned professional later that year, and in 1964 at the age of 22, won the heavyweight boxing title after defeating Sony Liston in an upset. That same year, Ali converted to Islam and was forever known as Muhammad Ali.

10. In 1966, Ali refused to be drafted, citing his objection to the Vietnam War and his religious beliefs. He was arrested, tried, and convicted for draft evasion and stripped of his boxing titles. The Supreme Court overturned his conviction in 1971, and Ali's principled stance against the war as a conscientious objector made him an icon to many in a tumultuous time in modern American history.

11. Despite being sidelined from boxing for four years before his conviction was overturned, Ali went on to earn additional heavyweight titles in 1974 and 1978. *Sports Illustrated* named him the greatest athlete of the 20th century, and the BBC named Ali the Sports Personality of the Century. He is the only boxer to have earned *The Ring* magazine's designation of Fighter of the Year six times.

12. Ali developed a reputation for provocative trash talking, using rhyming and poetry to make his points, anticipating rap and hip-hop music. He recorded two spoken word albums and was twice nominated for a Grammy Award. After his retirement from boxing, Ali dedicated his life to religious and charitable causes. He died on June 3, 2016.

13. Muhammad Ali had, and through his endorsement company MAE, continues to have enormous success as an endorser of carefully selected products and services in which high-quality businesses that wish to profit from an association with Ali contracted with him and now MAE to use aspects of his world-famous identity, including his image and persona, in their

advertising and marketing materials.

14. By carefully controlling the nature and frequency of his product endorsements – rejecting far more requests to use his name and persona than he grants – Ali and MAE have enhanced and maintained the value of his legacy and endorsements.

15. The majority of Ali's and MAE's income was and continues to be derived from MAE's ability to license Muhammad Ali's name and persona to commercial sponsors who wish to capitalize on his fame.

16. Because of the public's widespread knowledge and recognition of Muhammad Ali and admiration for him, goods and services endorsed by and associated with Ali through his endorsement company MAE have come to be well and favorably known and have benefitted greatly from their association with him.

17. Muhammad Ali's name and persona have developed enormous commercial value and secondary meaning in promoting products and services as a result of the public's widespread knowledge and admiration of him.

## Fox's Unauthorized Use of Muhammad Ali's Identity

18. Fox broadcast Super Bowl LI in February 2017 to a nationwide audience, estimated to be over 111 million viewers.

19. Fox used Muhammad Ali's name, image, and likeness as the centerpiece of its three-minute promotional video for its broadcast of Super Bowl LI. Fox aired its video immediately before its broadcast of the Super Bowl.

20. The video begins with a narrator who says, "Walk with me. Walk with me as I confront greatness" while the viewer sees the back of a boxer meant to be Ali, wearing a robe that says "The Greatest. The Lip." The viewer sees actual film footage of Ali, as the viewer hears Ali shouting, "I am the Greatest!" The narrator continues, again imploring, "Walk with

me. I can show you what it means to be the greatest."

21. Throughout the video, it refers to and depicts Ali, following him through his boxing career and highlighting his controversies and personal achievements, including his principled stance as a conscientious objector and his lighting the torch at the 1996 Summer Olympics in Atlanta. The video informs or reminds the viewer of the characteristics and accomplishments that made Ali "The Greatest," repeatedly defining "greatness" with examples Ali set in his life.

22. But Fox's promotional video, entitled "The Greatest," is far more than a tribute to Muhammad Ali, who had died eight months before Super Bowl LI and whose fame and reputation were in the public consciousness when the video was shown. In the second half of the video, while continuing the theme of greatness, the focus shifts to imagery of NFL legends, including Joe Montana, Jerry Rice, Troy Aikman, Emmitt Smith, Joe Namath, John Elway, Tom Brady, Vince Lombardi, and Peyton Manning.

23. The video uses Ali to define greatness and ultimately to compare the NFL legends to Ali and thus to define them and the Super Bowl as "greatness" too. The narrator tells the viewer that "in the Super Bowl many have marched towards this same confrontation with greatness." Juxtaposing images of Ali walking down a tunnel with those of Super Bowl greats walking in a tunnel on their way to the playing field, the narrator invites the viewer to "walk with me to that light at the end of the tunnel." He concludes that "it's the only way to prove you're worthy of being called 'The Greatest.'"

24. At the conclusion of the video, the screen displays the logo of Super Bowl LI and concludes with another screen that includes Muhammad Ali's name and the years of his birth and death.

25.     Fox never requested or received MAE's permission to use Ali's identity or to imply his endorsement in connection with the services offered by Fox, including its broadcast of the Super Bowl.

26.     Fox's promotional video uses Ali's identity to promote Fox and its broadcast services.

27.     Fox's promotional video is likely to confuse consumers as to Ali's and MAE's sponsorship or approval of those services.

28.     Fox could have sold the three minutes it used for its promotional video to other advertisers for $30 million.

29.     MAE has been damaged by Fox, whose unauthorized promotional video infringes Ali's right of publicity, assigned to MAE, and falsely conveys Ali's and MAE's endorsement of Fox's services, leading consumers to wrongly conclude that Ali or MAE endorses those services.

## COUNT I

### (MAE'S CLAIM FOR VIOLATION OF SECTION 43(a) OF THE LANHAM ACT – FALSE ENDORSEMENT)

30.     MAE realleges and incorporates by reference paragraphs 1 through 29 of this Complaint.

31.     Fox's unauthorized use of Ali's identity, including his image and persona, in its promotional video was a false or misleading representation of fact that falsely implies Ali's or MAE's endorsement of Fox's services.

32.     Fox's unauthorized use of Ali's identity

(a) is likely to cause confusion, mistake, or deception as to the affiliation, connection, or association of Fox with Ali or MAE, or as to the origin, sponsorship, or approval of Fox's services or commercial activities by Ali or MAE in violation of Section 43(a) of the

Lanham Act, 15 U.S.C. § 1125(a)(1)(A); or

       (b) misrepresents the nature, characteristics, or qualities of Fox's services or commercial activities in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(B).

33. MAE has been damaged by these acts. MAE has no adequate remedy at law.

34. This case is an exceptional case pursuant to 15 U.S.C. § 1117.

WHEREFORE, MAE requests that relief be granted in its favor and against Fox for (a) damages sustained by MAE, including Fox's profits, in an amount greater than $30,000,000, such damages to be trebled pursuant to 15 U.S.C. § 1117, (b) attorneys' fees and costs, (c) a permanent injunction requiring Fox to refrain from any use of Ali's identity without prior authorization from MAE, (d) an order requiring Fox to delete or cause to be deleted all copies of the promotional video from any website or other location, and (e) such other and further relief as the Court deems just and proper.

## COUNT II

### (MAE'S CLAIM FOR VIOLATION OF THE ILLINOIS RIGHT OF PUBLICTY ACT)

35. MAE realleges and incorporates by reference paragraphs 1 through 29 of this Complaint.

36. Fox's unauthorized use of Ali's identity for commercial purposes is a violation the Illinois Right of Publicity Act, 765 ILCS 1075/1-60.

37. Fox's use of Ali's identity was unauthorized because Fox did not obtain Ali's or MAE's written consent to use Ali's identity in connection with the promotional video. In fact, Fox did not even request Ali's or MAE's consent.

38. Fox's use of Ali's identity was willful because Fox used Ali's identity

intentionally and with knowledge that its use was not authorized.

39. MAE has been damaged by Fox's unauthorized use of Ali's identity.

WHEREFORE, MAE requests that relief be granted in its favor and against Fox for (a) damages sustained by MAE, including Fox's profits, in an amount greater than $30,000,000, (b) punitive damages, (c) attorneys' fees and costs, (d) a permanent injunction requiring Fox to refrain from any use of Ali's identity without prior authorization from MAE, (e) an order requiring Fox to delete or cause to be deleted all copies of the promotional video from any website or other location, and (f) such other and further relief as the Court deems just and proper.

## JURY DEMAND

MAE hereby demands a trial by jury.

Dated: October 10, 2017         /s/ Frederick J. Sperling

                                Frederick J. Sperling
                                Clay A. Tillack
                                David C. Giles
                                Ann H. MacDonald
                                Brooke Clason Smith

                                SCHIFF HARDIN LLP
                                233 South Wacker Drive
                                Suite 7100
                                Chicago, IL 60606
                                (312) 258-5500

                                Attorneys for Plaintiff
                                Muhammad Ali Enterprises LLC